**Date Signed:**
**September 12, 2025**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

hib_4001-1f2 (1/2014)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF HAWAII

Debtor(s): Victoriano Vidad Aquino aka Victor Aquino

Chapter 13  Case No. 23-00972

Related Docket No.: 68

☐ Unopposed - No Hearing  ☐ Hearing held: _____

Presiding Judge: Honorable Robert J. Faris

○ Automatic Stay
○ Codebtor Stay
● Automatic <u>and</u> Codebtor Stays

## ORDER GRANTING RELIEF FROM STAY

☐ Amended Order

Moving Party: U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7

Subject property or other matter (address or legal description of property; title of action, etc.):

98 -114 Lipoa Place Apt./Unit105, Aiea, Hawaii 96701

   Upon consideration of the above-identified motion and supporting documents, due notice having been given, and there being no timely opposition filed or for the reasons stated on the record at the hearing:

   1. The motion is GRANTED;

   2. The stay under 11 U.S.C. § 362(a) and/or § 1201(a) or § 1301(a) is terminated or modified and the moving party, its successors, transferees, and assigns, may exercise any rights and remedies under applicable nonbankruptcy law with respect to the subject property or other matter described above;

3. No deficiency judgment or other money judgment may be entered against the debtor unless and until the bankruptcy court enters an order (i) denying the debtor a discharge, (ii) determining that the debt owed to the moving party is not dischargeable, (iii) dismissing the case prior to the entry of a discharge, or (iv) expressly authorizing the entry of such a judgment;

4. If the subject property is sold and the proceeds exceed the amount of the secured claim(s), the moving party must turn over the surplus proceeds to the trustee;

5. The secured portion of any proof of claim filed by the moving party with respect to the subject property is deemed withdrawn and the moving party may seek collection of any unsecured deficiency amount only by filing a proof of claim under 11 U.S.C. § 501, or by amending a previously filed proof of claim;

6. This order will remain effective despite the conversion of the case to one under another chapter;

7. This order is limited to granting relief from the automatic stay and/or the codebtor stay under the Bankruptcy Code and does not determine any issues concerning any rights, claims, remedies, or defenses of the moving party, the debtor, or any other party; and

8. In a chapter 13 case, as soon as practicable after the trustee receives notice of this order, the trustee shall cease making distributions on all claims secured by the property described above except for funds then being held by trustee for distribution.

ADDITIONAL PROVISIONS - APPLICABLE ONLY IF CHECKED:
As explicitly requested in the motion, and based on an adequate factual and legal basis for extraordinary relief,

[✓] The 14-day stay provided under Fed. R. Bankr. P. 4001(a)(3) does not apply.

[ ] This order provides "in rem" relief, i.e. this order is binding with respect to the subject property for 240 days after the date of entry of this order in any other bankruptcy case that has been or may be filed.

[ ] This relief applies retroactively to: _____

[ ] This relief will become effective on: _____

[ ] A deficiency judgment may be entered against the chapter 13 codebtor without further order of the court.

**END OF ORDER**

This order submitted by: /s/ John Hund